# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**R & R PACKAGING, INC.**                                                           PLAINTIFF

       v.       Civil No. 06-5175

**GAP ROOFING, INC.**                                                                DEFENDANT

## O R D E R

    Now on this 13th day of November, 2006, comes on for consideration plaintiff's **Motion For Leave To Conduct Early Discovery** (document #7), filed in response to defendant's Motion To Dismiss Plaintiff's Complaint For Lack Of Subject Matter And Personal Jurisdiction.

    1.    Plaintiff R & R Packaging, Inc. ("R&R") alleges in its Complaint that defendant GAP Roofing, Inc. ("GAP") breached a contract to pay R&R for a shrink wrapping machine. R&R is alleged to be an Arkansas corporation with its principal place of business in Arkansas; GAP is alleged to be an Oklahoma corporation with its principal place of business in Oklahoma.

    2.    GAP's Motion To Dismiss is supported by the Affidavit of its President, Glen Passmore, asserting facts directed to an argument that specific personal jurisdiction does not exist in Arkansas over R&R's claim. R&R, for its part, asserts that it has information that GAP has been conducting business in Arkansas, to such an extent that it would be subject to general personal jurisdiction as well as specific personal jurisdiction, and

requests leave to conduct jurisdictional discovery before responding to the Motion To Dismiss.

3. As has been succinctly explained,

> [s]pecific jurisdiction refers to jurisdiction over causes of action that "arise out of" or "relate to" a defendant's activities within a state. General jurisdiction, "on the other hand, refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose."

**Lakin v. Prudential Securities, Inc.**, **348 F.3d 704, 707 (8th Cir. 2003)**(internal citations omitted).

Both types of personal jurisdiction are fact-sensitive, and the relevant facts are largely those known to the defendant rather than the plaintiff, yet the plaintiff has the burden of establishing jurisdiction. **Dakota Industries, Inc. v. Dakota Sportswear, Inc.**, **946 F.2d 1384 (8th Cir. 1991)**. For these reasons, the Court finds it appropriate to allow R&R to take discovery, limited to the issue of personal jurisdiction, before responding to defendant's Motion To Dismiss.

4. In addition to arguing about whether discovery should be allowed at all, the parties disagree about the various topics that would be fair game if such discovery is conducted. R&R invites the Court to head off "the discovery dispute which is foreshadowed in GAP's response" by directing GAP to submit to discovery in eight specified areas. The Court declines to do this, for two reasons. First, both parties are represented by able and experienced

counsel, and are well able to conduct discovery simply designated as "relevant to the issue of either general or specific personal jurisdiction." Second, by limiting the realm of discovery in advance, the Court believes that it would deny the flexibility to tailor such discovery as needed to get at the merits of the issue.

5. In order that this case be not unreasonably delayed by such discovery, the Court directs that the parties cooperate to have it completed within thirty days from the date of this Order, shortening response times to written discovery as needed, and scheduling any necessary depositions promptly. R&R will then be allowed ten additional days to file its response to GAP's Motion To Dismiss.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Leave To Conduct Early Discovery** (document #7) is **granted**, and defendant is directed to respond to discovery by R&R relevant to the issues of both general and specific personal jurisdiction. The parties are to fully cooperate in concluding such discovery within thirty days from the date of this Order, and plaintiff will then have ten additional days to file its response to defendant's Motion To Dismiss Plaintiff's Complaint For Lack Of Subject Matter And Personal Jurisdiction.

**IT IS SO ORDERED.**

**/s/Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**