```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**R & R PACKAGING, INC.**                                          PLAINTIFF

       v.               Civil No. 06-5175

**GAP ROOFING, INC.; and**
**OMEGA PACKAGING, INC.**                                         DEFENDANTS

<u>O R D E R</u>

Now on this 18th day of January, 2007, come on for consideration the following motions:

* defendant GAP Roofing, Inc.'s, **Motion To Dismiss Plaintiff's Complaint For Lack Of Subject Matter And Personal Jurisdiction** (document #5);

* GAP's **Motion To Dismiss Plaintiff's Amended & Substituted Complaint For Lack of Subject Matter And Personal Jurisdiction And/Or Improper Venue Or, In The Alternative, To Transfer To Another Jurisdiction** (document #19); and

* **GAP Roofing Inc.'s Partial Withdrawal Of Its Motion To Dismiss For Lack Of Personal And Subject Matter Jurisdiction** (document #27),

and from said motions, and the response thereto, the Court finds and orders as follows:

1. In this diversity case, plaintiff's Amended And Substituted Complaint alleges that GAP Roofing, Inc. ("GAP") breached a contract whereby plaintiff was to acquire, deliver and

install a custom-made shrink-wrapping machine to GAP's facility in Pryor, Oklahoma, for which GAP was to pay the sum of $80,345.00. Defendant Omega Packaging, Inc. ("Omega") was the supplier of the machine. It is alleged that a dispute arose when the machine was being installed, between an Omega employee who took one or more photos of the facility with his camera phone and GAP's president, who was upset about the photos. Plaintiff alleges that as a result of the dispute, GAP removed the machine from the building where it was being installed, deposited it in the parking lot, and sought to rescind the contract.

Plaintiff seeks to recover the value of the contract, and also seeks a declaratory judgment that the contract is enforceable, and that neither plaintiff nor Omega has done anything to justify rescission. Alternatively, plaintiff seeks contribution or indemnity from Omega to offset the unpaid balance on the machine.

2. While GAP initially contested both subject matter and personal jurisdiction, as well as venue, it now seeks to withdraw its contention that the Court lacks personal jurisdiction over it, and that motion will be granted. The issues as to subject matter jurisdiction and venue remain for disposition.

3. The subject matter jurisdiction argument is based on the amount in controversy requirement of **28 U.S.C. §1332(a)**. GAP contends that less than $75,000 is in controversy. It relies on the Affidavit of Glen Passmore, its president, who avers that the

final invoice price of the shrink-wrapping machine was $80,3345.00, and that GAP had made a down payment of $25,428.33.  GAP reasons that the difference between the invoice price and the down payment is less than $75,000.00, and therefore the requisite amount is not in controversy.

Plaintiff counters this argument with the Declaration of John Rambadt, its president, to the effect that on August 29, 2006, an attorney representing GAP notified plaintiff by letter that it was rescinding the contract for the shrink-wrapping machine, and demanding a return of its down payment.  Thus, the full purchase price of the machine was in issue when the Complaint was filed on September 22, 2006.  Plaintiff also points out that because its claim sounds in contract, attorney's fees may be awarded if it prevails, pursuant to **A.C.A. §16-22-308**.  Attorney's fees are included in the calculation of the amount in controversy. **Capitol Indemnity Corp. v. Miles**, **978 F.2d 437, 438 (8th Cir. 1992)**.

The rule with regard to amount in controversy is that [g]enerally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." **Larkin v. Brown**, **41 F.3d 387, 388 (8th Cir. 1994)**(internal quotation marks and citation omitted).  In the case at bar, it does not "appear to a legal certainty" that the claim is for less than $75,000, and the

motion to dismiss for lack of subject matter jurisdiction will, therefore, be denied.

4.  The venue argument is based on **28 U.S.C. §1391**, which provides that

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

GAP reasons that because it is an Oklahoma corporation and Omega is a Missouri corporation, all defendants do not reside in the same state and thus subsection (1) is not applicable.  It contends that "[a]ll of the events giving rise to the current dispute occurred in Oklahoma and the Shrink Wrapper is located in Oklahoma," so subsection (2) makes the Northern District of Oklahoma the proper venue.  Finally, it contends that there is a district other than the Western District of Arkansas in which the action may be brought, and thus subsection (3) does not apply, even though it concedes that it is subject to personal jurisdiction here.

Plaintiff counters by pointing out that for venue purposes, "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the

-4-

action is commenced."  GAP concedes personal jurisdiction in this district, and at the time suit was filed, GAP was the only defendant.[1]  Thus, at the time of filing, all defendants resided in this district, and subsection (1) applied.  Since venue is determined as of the time of filing, **Technograph Printed Circuits, Limited v. Packard Bell Electronics Corp.**, **290 F.Supp. 308, 326 (C.D. Cal. 1968),** the Court concludes that venue is properly laid.

    5.    The motion for transfer is based on **28 U.S.C. §1404(a),** which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  GAP contends that the action might have been brought in the Northern District of Oklahoma, where its Pryor facility is located, and moves for a change of venue to that district.

    The party moving for a change of venue has the burden of proving that its alternative forum of choice is more convenient than the forum chosen by the plaintiff, and the court must give deference to the plaintiff's choice of forum.  **Terra International, Inc. v. Mississippi Chemical Corp.**, **119 F.3d 688, 695 (8th Cir. 1997)**.  "Merely shifting the inconvenience from one side to the other is not a permissible reason for change of venue."  **Knapp v. Fooshee**, **2006 WL 2381886 (E.D. Ark. 2006).**

---

[1] Although Omega denied that it is subject to personal jurisdiction in its Answer to the Amended And Substituted Complaint, it also counterclaimed therein for the remainder of the purchase price of the machine, an action inconsistent with the intent to contest personal jurisdiction.  See, e.g., Schnabel v. Lui, 302 F.3d 1023, fn.5 (9th Cir. 2002).

>    GAP's argument for changing venue is that
>
>    *    all of its employees, and all of Omega's employees, who were involved in the transaction work in Oklahoma;
>
>    *    "the unlawful acts occurred at GAP's Oklahoma plant";
>
>    *    Omega has an office in Tulsa, Oklahoma; and
>
>    *    "the individual that R&R asserts committed the unlawful acts resides in Tulsa, Oklahoma."

Plaintiff responds with the Declaration of Robert Kugler, the Omega employee who is alleged to have taken the photos in question, to the effect that Omega does not have an office in Oklahoma, and that he lives in Missouri, not in Oklahoma.  Plaintiff's employees involved in the sale of the machine work -- and presumably live -- in Arkansas.

Where a motion for change of venue rests on the convenience of witnesses, "[r]elevant considerations include the number of essential non-party witnesses, their location, and the preference of courts for live testimony as opposed to depositions."  *Id.*  Here, the witnesses shown to be affiliated with the parties reside in three different states, making this factor basically a "wash."

Nor does any party suggest that justice will be better served in one forum than another.  Thus, when the Court considers the deference that must be accorded the plaintiff's choice of forum, and the fact that the burden of proof on this issue rests with GAP, it finds that the motion for a transfer of venue should be denied.

**IT IS THEREFORE ORDERED** that defendant GAP Roofing, Inc.'s, **Motion To Dismiss Plaintiff's Complaint For Lack Of Subject Matter And Personal Jurisdiction** (document #5) is **denied.**

**IT IS FURTHER ORDERED** that GAP's **Motion To Dismiss Plaintiff's Amended & Substituted Complaint For Lack of Subject Matter And Personal Jurisdiction And/or Improper Venue Or, In The Alternative, To Transfer To Another Jurisdiction** (document #19) is **denied.**

**IT IS FURTHER ORDERED** that **GAP Roofing Inc.'s Partial Withdrawal Of Its Motion To Dismiss For Lack Of Personal And Subject Matter Jurisdiction** (document #27) is **granted in part and denied in part.** The motion is **granted** insofar as it seeks to withdraw GAP's motion to dismiss for lack of personal jurisdiction, and **denied** in all other respects.

**IT IS SO ORDERED.**

                                    /s/ Jimm Larry Hendren

                                    **JIMM LARRY HENDREN**

                                    **UNITED STATES DISTRICT JUDGE**