```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     FAYETTEVILLE DIVISION
```

**R & R PACKAGING, INC.**                                          PLAINTIFF

        v.        Civil No. 06-5175

**GAP ROOFING, INC.; and**
**OMEGA PACKAGING, INC.**                                          DEFENDANTS

<u>O R D E R</u>

    Now on this 22nd day of August, 2007, comes on for consideration **Plaintiff's Motion To Compel Answers To Interrogatories And Requests For Production Of Documents** (document #41), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.   R&R Packaging, Inc. ("R&R") brings suit against GAP Roofing, Inc. ("GAP") and Omega Packaging, Inc. ("Omega"), alleging breach of contract on the part of GAP in failing to pay for a shrink wrap machine, and seeking contribution or indemnity from Omega if it is determined that GAP is not liable to pay for the shrink wrapper.

    GAP counterclaims that R&R breached the contract and misappropriated GAP's trade secrets.

    The matter is scheduled for trial on December 3, 2007, and discovery is scheduled to be concluded by September 4, 2007. Initial expert witness disclosures also are due on September 4, 2007.

    2.   R&R moves to compel responses to certain written discovery requests it has propounded to GAP, namely Requests for

Production Nos. 1,2,3,4, and 6, and Interrogatory Nos. 3 and 9. The information sought may be summarized as follows:

* Request for Production No. 1 seeks documents relating to GAP's gross revenues for the past five years.
* Request for Production No. 2 seeks documents relating to net income for the past five years.
* Request for Production No. 3 seeks GAP's state and federal tax returns for tax years 2002-2006.
* Request for Production No. 4 seeks GAP's financial statements for 2003-2007.
* Interrogatory No. 3 asks GAP to identify "every Trade Secret that GAP allegedly possessed as of January 1, 2006."
* Request for Production No. 6 seeks copies of all documents which relate to or identify the trade secrets at issue in this litigation.
* Interrogatory No. 9 asks for an identification of each element of damage, by category and amount, which GAP intends to claim at trial.

3.  Requests for Production numbered 1,2,3, and 4 appear to relate to a claim for lost profits which GAP has now dismissed, and the Court will, therefore, deny that portion of the Motion To Compel as moot.

4.  Interrogatory No. 3 is overly broad, in that it asks GAP

to list *all* its alleged trade secrets, rather than only those which GAP claims were misappropriated.  However, those which GAP claims were misappropriated are certainly discoverable, at least insofar as required to reach the issue in dispute, i.e., whether there was any misappropriation. Request for Production No. 6 seeks information discoverable for the same reason.

GAP asserts, in response to the Motion, that on August 6, 2007, it "turned over a list of the trade secrets alleged to have been misappropriated with pictures of the same."  It contends that this is sufficient response to Interrogatory No. 3 and Request for Production No. 6.

It appears to the Court that GAP's production may well be satisfactory, and the Court will deny this portion of the Motion To Compel as moot, without prejudice to R&R renewing the motion if it believes that more specificity as to the nature of the allegedly misappropriated trade secrets is required.

5.   Interrogatory No. 9 seeks information that is clearly discoverable.  Some of this information was supplied in response to the Interrogatory, but some was said to be "unknown with certainty at this time," and GAP acknowledged its duty to supplement the response.

In response to the motion, GAP asserts that it is unable to give any additional information about its damages without the assistance of an expert witness, and will produce the report of

that witness by the deadline of September 4, 2007.

R&R's problem with not receiving the expert disclosures until September 4 is that discovery closes that day.  The Court will, however, allow R&R to take discovery of the expert and the bases for his or her opinions after the conclusion of discovery to the extent reasonably necessary to accommodate R&R's concerns.  The Motion To Compel will, therefore, be granted as to Interrogatory No. 9, with the understanding that GAP will produce its final response to Interrogatory No. 9 on or before September 4, 2007, and will fully cooperate in scheduling the deposition of its witness within two weeks after that date, should R&R so request.

6.   GAP suggests that this Court should enter a "protective order requiring all documents related to GAP's trade secrets to be filed under seal," citing **78 Okla.St.Ann. §90** and **F.R.C.P. 26(c)(7)**.  This request, if honored as written, would require virtually the entire file in this case to be sealed, as most documents in some way "relate" to the alleged trade secrets.  The Court does not find such drastic measures to be indicated.

All that **§90** requires is that in an action to protect trade secrets, the Court "preserve the secrecy of an alleged trade secret by reasonable means."  At this stage of the proceedings, the Court has no reason to doubt that the filing of appropriately redacted documents will suffice both to protect any alleged trade secrets and to bring any necessary issues to the Court's attention.  If and

when specific documents must be filed that cannot be redacted in such a way as to protect secret information without destroying the document's usefulness to the decision-making process, the Court will require that the party desiring to file such documents make a particularized showing of the need to seal.

**IT IS THEREFORE ORDERED** that **Plaintiff's Motion To Compel Answers To Interrogatories And Requests For Production Of Documents** (document #41) is **granted in part and denied in part**.

The Motion is **granted** insofar as it seeks to compel a response to Interrogatory No. 9, asking for an identification of each element of damage, by category and amount, which GAP intends to claim at trial.  GAP is directed to produce that information no later than September 4, 2007, and to arrange a deposition of its witness on that information within two weeks of that date if requested by R&R.

The Motion is **denied** in all other respects.

**IT IS SO ORDERED.**

                                                   /s/ Jimm Larry Hendren
                                                  **JIMM LARRY HENDREN**
                                                  **UNITED STATES DISTRICT JUDGE**